IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| TRACEY DIANE COLQUITT,<br>　　　　Plaintiff,<br><br>　　v.<br><br>BON SECOUR MERCY HEALTH, *et al.*,<br>　　　　Defendants. | Civil Action No. 4:21cv53 |

**MEMORANDUM OPINION**

Plaintiff Tracey Diane Colquitt ("Plaintiff"), appearing *pro se*, filed this action against Defendants Bon Secour Mercy Health, d/b/a St. Francis Nursing Center, Dominique Hawkins, Tamika Greene, and Brielle Roberson (collectively "Defendants"). This matter is before the Court on Defendants' Motion to Dismiss. Mot. Dismiss, ECF No. 11. The Court concludes that oral argument is unnecessary because the facts and legal arguments have been adequately presented to the Court. For the reasons set forth below, Defendants' Motion to Dismiss, ECF No. 11, will be GRANTED, and this civil action will be DISMISSED.

## I.　RELEVANT PROCEDRUAL BACKGROUND

On May 13, 2021, Plaintiff paid the requisite fees and filed a Complaint in this Court. Compl., ECF No. 1. However, Plaintiff's Complaint misidentified the parties. *Id*. at 1-6 (inconsistently identifying the parties as "Plaintiffs" and "Defendants"). In an Order dated May 14, 2021, the Court explained that the party identification issues must be resolved before this action could proceed. Order at 1, ECF No. 3. The Court ordered Plaintiff to file an Amended Complaint that clearly identified the parties, the intended claims, and the factual bases for such claims. *Id*. at 1-2.

On May 27, 2021, Plaintiff filed an Amended Complaint that cured the party identification issues highlighted by the Court. Am. Compl., ECF No. 4. Upon receipt of Plaintiff's Amended Complaint, the Clerk issued summonses and mailed service packets to Plaintiff. Summonses, ECF No. 5.

On June 7, 2021, Plaintiff filed a Second Amended Complaint without seeking leave of Court to do so. Second Am. Compl., ECF No. 7. In an Order dated June 21, 2021, the Court explained that Rule 15 of the Federal Rules of Civil Procedure provides that a party may only amend a complaint once as a matter of course. Order at 1-2, ECF No. 8 (citing Fed. R. Civ. P. 15(a)). Subsequent amendments require "the opposing party's written consent or the court's leave." *Id*. at 2 (quoting Fed. R. Civ. P. 15(a)). Although Plaintiff did not comply with Federal Rule 15(a) when she filed her Second Amended Complaint, in deference to Plaintiff's *pro se* status, the Court *sua sponte* granted Plaintiff leave to amend. *Id*. The Court authorized the filing of Plaintiff's Second Amended Complaint and directed the Clerk to reissue summonses. *Id*.

On August 11, 2021, Defendants filed a Motion to Dismiss and provided *pro se* Plaintiff with a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. Mot. Dismiss at 1-3, ECF No. 11; *see* E.D. Va. Loc. Civ. R. 7(K). Plaintiff did not respond to Defendants' Motion to Dismiss and her deadline to do so has expired. Accordingly, Defendants' Motion to Dismiss is ripe for adjudication.

## II.  PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff utilized a form "Complaint for Employment Discrimination" as her Second Amended Complaint. Second. Am. Compl. at 1-6, ECF No. 7. In the "Basis for Jurisdiction" section of her Second Amended Complaint, Plaintiff checked the boxes to indicate that she brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age

Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). *Id*. at 3. Plaintiff also checked the box to indicate that she brings this action pursuant to "[r]elevant state law," which Plaintiff identifies as "HB798 . . . a law designed to protect whistleblowing employees from retaliation."[1] *Id*.

In the "Statement of Claim" section of Plaintiff's Second Amended Complaint, Plaintiff checked the boxes to indicate that "[t]he discriminatory conduct of which [she] complain[s] in this action" includes "[r]etaliation" and "[f]ailure to accommodate [a] disability." *Id*. at 4. Plaintiff also checked the box to indicate that she complains of "other" discriminatory conduct, which Plaintiff describes as "col[l]uding with supervisors and management to retaliate." *Id*. Additionally, Plaintiff identified her birth year as 1969 and her alleged disability as a "[p]anic [d]isorder." *Id*.

On page six of her Second Amended Complaint, Plaintiff asserts the following factual allegations:

> [Bon Secour's] [C]ode of Conduct encourages staff to report misconduct. Dominique Hawkin[s], and Tamika Greene were upper level management engaged in a number of unethical practices that were reported to corporate via email, calls to corporate via ethics hotline, as well a[s] emails to Irvand [L]and. The [c]orporate officers appeared to do nothing regarding my complaints of the misconduct. Dominque Hawkins, and Tamika Greene [c]o[l]luded with several staff members at St. Francis. Tiffany Spellar (supervi[s]or), Tonisha Foster (CNA) [r]eported false information to [c]orporate officer Brielle Roberson (Employee Relations/HR) to investigate me for diverting Nitrostat and drug [sic] kept in the Emergency Kit and . . . [for] laying in bed for an[] hour while on the clock. The investigation was opened [a]s a retaliatory act/harassment by Dominque Hawkins, and Tamika Greene.

*Id*. at 6.[2]

---

[1] The Court notes that after HB798 was approved, the Code of Virginia was amended to include its provisions at Virginia Code § 40.1-27.3.

[2] In an attempt to "shed further light on the nature of Plaintiff's claims," Defendants attached a copy of a Charge of Discrimination that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC Charge") to their Motion to Dismiss. Mem. Supp. Mot. Dismiss at 4, ECF No. 12; *see* EEOC Charge, ECF No. 12-1. Plaintiff's

Plaintiff's Second Amended Complaint does not clearly identify the claims that Plaintiff seeks to assert against Defendants in this action; however, the Court construes Plaintiff's Second Amended Complaint as asserting: (i) retaliation claims under Title VII, the ADEA, and the ADA; (ii) a failure to accommodate claim under the ADA; and (iii) a state law claim for the violation of Virginia Code § 40.1-27.3. As relief, Plaintiff seeks $4 million in damages. *Id*. at 5.

### III. ANALYSIS

#### A. Standards of Review Under Federal Rules 12(b)(1) and 12(b)(6)

Defendants seek dismissal of this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal is warranted under Federal Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009). A Rule 12(b)(1) motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va.

---

EEOC Charge was not attached as an exhibit to Plaintiff's Second Amended Complaint, is not a part of the operative complaint in this action, and its contents need not be considered by the Court in its analysis of Defendant's motion. However, the Court finds that even if the Court were to consider the contents of Plaintiff's EEOC Charge, the Court would nevertheless find that Plaintiff has not stated any plausible claims for relief against Defendant.

2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  As such, the Court must accept all factual allegations contained in Plaintiff's Second Amended Complaint as true and draw all reasonable inferences in favor of Plaintiff.  *Id*.

The Court is required to liberally construe complaints filed by *pro se* litigants; however, the Court "cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'"  *Bolton v. Chesterfield Cty. Sch. Bd.*, No. 3:19cv558, 2020 U.S. Dist. LEXIS 177072, at *5 (E.D. Va. Sept. 25, 2020) (citation omitted).

B.  Discussion

1.  **Title VII, ADEA, and ADA Retaliation Claims**

Plaintiff alleges that Defendants subjected her to retaliation in violation of Title VII, the ADEA, and the ADA.  Second Am. Compl. at 3-4, ECF No. 7.  Title VII, the ADEA, and the ADA contain anti-retaliation provisions that prohibit employers from discriminating against employees who file charges under the respective statutes or oppose any practices that are made unlawful by the respective statutes.  *See* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d); 42 U.S.C. § 12203(a).  To state a retaliation claim under Title VII, the ADEA, or the ADA, Plaintiff must show that (i) she engaged in protected activity, as defined by the respective statute; (ii) she was subjected to an adverse employment action by her employer; and (iii) there was a causal connection between the protected activity and the adverse employment action.  *Buchhagen v. ICF Int'l, Inc.*, 650 F. App'x 824, 828 (4th Cir. 2016); *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012); *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006); *King v. Rumsfeld*, 328 F.3d 145, 150-51 (4th Cir. 2003).

In her Second Amended Complaint, Plaintiff alleges that Ms. Hawkins and Ms. Greene engaged in unspecified "misconduct" and "unethical practices."  Second Am. Compl. at 6.

5

Plaintiff further alleges that she reported the "misconduct' and "unethical practices" to management and was subsequently retaliated against for doing so. *Id*. Plaintiff alleges that as a result of her report, other employees falsely accused Plaintiff of misconduct (i.e., "diverting" certain drugs and lying in bed during work hours), which triggered an internal investigation into Plaintiff's behavior. *Id*.

Here, the Court finds that Plaintiff's Second Amended Complaint does not adequately allege that Plaintiff engaged in protected activity under Title VII, the ADEA, or the ADA. Although Plaintiff alleges that she reported the "misconduct" and "unethical practices" of Ms. Hawkins and Ms. Greene to management, Plaintiff does not adequately allege that the conduct that triggered Plaintiff's reporting involved any conduct that was made unlawful by Title VII, the ADEA, or the ADA. *See* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d); 42 U.S.C. § 12203(a).

The Court further finds that the alleged retaliatory act of which Plaintiff complains (i.e., the provision of "false information" that triggered an internal investigation into Plaintiff's behavior) does not constitute an adverse employment action for purposes of Plaintiff's retaliation claims. *See Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019).

Without sufficient allegations to show that Plaintiff engaged in protected activity under Title VII, the ADEA, or the ADA, or was subjected to an adverse employment action, the Court finds that Plaintiff cannot state a retaliation claim under Title VII, the ADEA, or the ADA upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss will be GRANTED as to Plaintiff's retaliation claims under Title VII, the ADEA, and the ADA.

    **2. ADA Failure to Accommodate Claim**

Plaintiff alleges that she suffers from a panic disorder and that Defendants violated the ADA by failing to accommodate Plaintiff's disability. Second Am. at 3-4. The ADA requires an employer to "make 'reasonable accommodations to the known physical or mental limitations'"

6

of an employee who is deemed to be a qualified individual with a disability. *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 344 (4th Cir. 2013) (citing 42 U.S.C. § 12112(b)(5)(A)). Under the ADA, a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." *Id.* at 345 (citing 42 U.S.C. § 12111(8)).

To state a *prima facie* claim of failure to accommodate under the ADA, Plaintiff must show that (i) she "was an individual who had a disability within the meaning of the statute;" (ii) Defendants "had notice of [her] disability;" (iii) "with reasonable accommodation, [s]he could perform the essential functions of the position;" and (iv) Defendants "refused to make such accommodation." *Id.*; *see Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 579 (4th Cir. 2015); *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001); *Ainsworth v. Loudon Cty. Sch. Bd.*, 851 F. Supp. 2d 963, 980 (E.D. Va. Mar. 16, 2012). To establish a "disability" under the ADA, Plaintiff must show that she suffers from "a physical or mental impairment that substantially limits one or more major life activities." *Jacobs*, 780 F.3d at 572 (quoting 42 U.S.C. § 12102(1)(A)).

In their Motion to Dismiss, Defendants argue, among other things, that "Plaintiff fails to satisfy even the first element of an ADA reasonable accommodation claim. She offers nothing more than a bare-bones assertion that she has a panic disorder. There are no facts pled in the Second Amended Complaint asserting how her panic disorder substantially limits her ability to work." Mem. Supp. Mot. Dismiss at 12.

Upon review of Plaintiff's Second Amended Complaint, the Court finds that Plaintiff fails to allege sufficient facts to establish any of the required elements of a failure to accommodate claim under the ADA. *See* Second Am. Compl. at 1-6; *see also Jacobs*, 780 F.3d at 579; *Wilson*, 717 F.3d at 345. Specifically, the Court finds that Plaintiff fails to adequately allege that her panic

7

disorder meets the definition of a "disability" under the ADA. *See* Second Am. Compl. at 1-6; *see also Jacobs*, 780 F.3d at 572. Moreover, the Court finds that Plaintiff fails to allege any facts to show that she requested—or was denied—a reasonable accommodation from Defendants. *See* Second Am. Compl. at 1-6; *see also Jacobs*, 780 F.3d at 579; *Wilson*, 717 F.3d at 345. Accordingly, Defendants' Motion to Dismiss will be GRANTED as to Plaintiff's ADA failure to accommodate claim.[3]

### 3. Virginia Code § 40.1-27.3

Virginia Code § 40.1-27.3 provides, in relevant part, that an employer shall not take retaliatory action against an employee because the employee "in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official." Va. Code Ann. § 40.1-27.3(A). Thus, in order to state a claim under this statute, "Plaintiff must allege that [s]he reported a violation of any federal or state law or regulation." *Chenault v. RBI Corp.*, No. CL21001754-00, 2021 Va. Cir. LEXIS 217, at *3 (Hanover Cty. Oct. 22, 2021).

Defendants argue that the allegations of Plaintiff's Second Amended Complaint fail to allege sufficient facts to state a claim under § 40.1-27.3. Mem. Supp. Mot. Dismiss at 13. Specifically, Defendants argue:

> Here, Plaintiff states "upper management engaged in a number of unethical practiices [sic] that were reported to corporate via email, calls to corporate via ethics hotline, as well as emails to Irvin Land." (2d Am. Compl. pg. 6.) Plaintiff fails to assert that any of the alleged "misconduct" or "unethical practices" are

---

[3] The Court notes that neither Title VII, the ADEA, nor the ADA allow for individual liability. *See Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010); *Lissau v. S. Food Serv.*, 159 F.3d 177, 180–81 (4th Cir. 1998); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994). For this additional reason, the Court finds that Plaintiff's Title VII, ADEA, and ADA claims necessarily fail as asserted against the individuals Defendants.

Further, to the extent that Plaintiff intended to assert a Title VII, ADEA, or ADA claim against Defendants under any theory of liability that is not specifically discussed herein, the Court finds that Plaintiff's Second Amended Complaint fails to allege sufficient facts to state any such claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"violation[s] of any federal or state law or regulation" as required by Virginia Code § 40.1-27.3(A)(1). Since Plaintiff cannot meet the elements required of Virginia Code § 40.1-27.3(A)(1), she cannot be afforded the protections of the statute.

*Id.* (alterations in original).

Upon review, the Court finds that Plaintiff's Second Amended Complaint fails to allege sufficient facts to show that the alleged "misconduct" and "unethical practices" of Ms. Hawkins and Ms. Greene violated "any federal or state law or regulation." Va. Code Ann. § 40.1-27.3(A); *see* Second Am. Compl. at 6. Thus, the Court further finds that Plaintiff has not adequately alleged that her reporting of the alleged "misconduct" and "unethical practices" entitles Plaintiff to the protections set forth in Virginia Code § 40.1-27.3(A). Accordingly, Defendants' Motion to Dismiss will be GRANTED as to Plaintiff's claim under Virginia Code § 40.1-27.3.[4]

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 11, will be GRANTED, and this civil action will be DISMISSED.

An appropriate Order shall issue.

/s/ 
Roderick C. Young  
United States District Judge

Richmond, Virginia  
February 16, 2022

---

[4] The Court notes that Plaintiff has had three opportunities to present her claims to the Court. *See* Compl., ECF No. 1; Am. Compl., ECF No. 4; Second Am. Compl., ECF No. 7. Thus, the Court finds that further amendment opportunities are unwarranted.